UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KINGDOM OF BELGIUM, FEDERAL PUBLIC SERVICE FINANCE PENSION PLAN LITIGATION | Lead Case No.: 21 Civ. 6392 (JGK)<br><br>Member Case Nos.:<br><br>21 Civ. 6399 (JGK)<br>21 Civ. 6402 (JGK)<br>21 Civ. 6404 (JGK)<br>21 Civ. 6405 (JGK)<br>21 Civ. 6407 (JGK)<br>21 Civ. 6408 (JGK) |

**Defendants FGC Securities LLC and Stephen Wheeler's
Reply in Further Support of Their Omnibus Motion to
Dismiss Plaintiff's Amended Complaints Filed in The
Lead and Member Cases of the Belgium Actions**

CARLTON FIELDS, P.A.

Natalie A. Napierala
Michael L. Yaeger
405 Lexington Avenue, 36th Floor
New York, New York 10174

*Attorneys for Defendants FGC Securities LLC
and Stephen Wheeler*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

DISCUSSION .............................................................................................................................. 2

    1.    The Amended Complaints do not actually allege what Plaintiff tries to argue in its brief. .................................................................................................................. 2

    2.    The Amended Complaints improperly group all Defendants together without making clear who did what when. ..................................................................... 4

    3.    The Amended Complaints' allegations lack temporal specificity. .................................... 5

    4.    The underlying facts are not peculiarly within FGC and Wheeler's knowledge and are known to Plaintiff. .............................................................................. 6

    5.    Plaintiff has weakened its allegations since the Original Complaints. .............................. 7

    6.    FGC and Wheeler join, adopt, and incorporate the legal arguments of the Other Defendants in their Motion to Dismiss. .......................................................... 7

CONCLUSION ............................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*380544 Canada, Inc. v. Aspen Tech., Inc.*,
  633 F. Supp. 2d 15 (S.D.N.Y. 2009)......................................................................................... 2

*Abrukin v. City of N.Y. Fin. Info. Servs. Agency*,
  No. 17 Civ. 2363 (RA), 2019 WL 691561 (S.D.N.Y. Jan. 28, 2019)........................................ 7

*Fellows v. CitiMortgage, Inc.*,
  710 F. Supp. 2d 385 (S.D.N.Y. 2010).................................................................................. 3, 5

*In re Agape Litig.*,
  773 F. Supp. 2d 298 (E.D.N.Y. 2011) ................................................................................. 1, 4

*Iowa Pub. Emp.'s Ret. Sys. v. Deloitte & Touche LLP*,
   919 F. Supp. 2d 321, 332 (S.D.N.Y. 2013)............................................................................. 6

*Naughright v. Weiss*,
  826 F. Supp. 2d 676 (S.D.N.Y. 2011)..................................................................................... 4

*United States ex rel. Chorches for Bankruptcy Estate of Fabula*
  *v. Am. Med. Response, Inc.*,
  865 F.3d 71 (2d Cir. 2017)...................................................................................................... 6

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir.1998) ................................................................................................. 3, 5

**Statutes, Regulations, and Rules**

17 C.F.R. § 240.10b-10............................................................................................................... 1

FINRA Rule 2232(a).................................................................................................................... 1

Defendants FGC Securities LLC ("**FGC**") and Stephen Wheeler ("**Wheeler**") reply in further support of their motion to dismiss with prejudice Count 2 from all Amended Complaints filed by Plaintiff the Kingdom of Belgium, Federal Public Service Finance. Doc. 75.

## INTRODUCTION

Plaintiff concedes that its case against FGC and Wheeler rests upon the creation of a cash-equity confirmation. Somehow, the creation of that document is supposed to show that FGC and Wheeler had actual knowledge of a fraud. The Amended Complaints, however, do not allege that the securities and the currency described in the cash-equity confirmations were not exchanged. Rather, the Amended Complaints allege that the parties transacting were "nothing more than alter egos of Markowitz, Stein and/or Van Merkensteijn." *See, e.g.*, Xiphias ¶ 6. Further, the Amended Complaints allege that the parties engaging in the trades were not actually legitimate pension plans. *See*, *e.g*., ¶ 46. But the Amended Complaints do *not* allege that the cash-equity confirmations record transactions that never happened. Only in its response to FGC and Wheeler's motion to dismiss does Plaintiff try, for the first time, to suggest that the share purchases in the confirmation did not happen. That allegation must be in the Amended Complaints, and it is not.

Moreover, the mere creation of a cash-equity confirmation does not allow the inference that FGC and Wheeler had actual knowledge of a fraud, much less the strong inference of actual knowledge required by law. After all, Plaintiff does not deny that providing confirmations is a normal business practice prescribed by law. *See* FINRA Rule 2232(a); *accord* 17 C.F.R. § 240.10b-10. It's not a red flag, it's routine. And in any event, "even alleged ignorance of obvious warning signs of fraud will not suffice to adequately allege actual knowledge." *In re Agape Litig.*, 773 F. Supp. 2d 298, 310 (E.D.N.Y. 2011).

1

Plaintiff has no real answer to the legal arguments in FGC and Wheeler's motion to dismiss, and its attempt at a response has raised new issues. The Amended Complaints still improperly group all Defendants together without stating, as required by law, who did what, and when; the Amended Complaints substitute conclusory standards for well-pleaded facts; and the Amended Complaints' allegations lack temporal specificity. Perhaps to avoid addressing those issues, Plaintiff argues that it should be held to a lower pleading standard because the facts were supposedly "peculiarly within" FGC and Wheeler's knowledge. But that assertion is inconsistent with the Amended Complaints' allegations that the refund applications were submitted to Plaintiff and that Plaintiff had been investigating the refunds for five years and regularly "liaising with the Belgian Federal Police." *Xiphias* ¶¶ 55–56.

Because Plaintiff has already had an opportunity to amend yet failed to state a claim against FGC and Wheeler for aiding and abetting, this Court should dismiss FGC and Wheeler from this action, with prejudice.

## DISCUSSION

**1.      The Amended Complaints do not actually allege what Plaintiff tries to argue in its brief.**

To state a claim for aiding and abetting fraud, Plaintiff must allege the following elements: "(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud." *380544 Canada, Inc. v. Aspen Tech., Inc.*, 633 F. Supp. 2d 15, 35–36 (S.D.N.Y. 2009) (citation omitted).

In its response to the motion to dismiss, Plaintiff appears to argue that the "share purchases documented in the confirmations by FGC Securities and Wheeler did not take place" and FGC and Wheeler were "responsible for executing stock trades." Thus, Plaintiff argues, one

2

can infer that FGC and Wheeler knew no trade ever took place. Doc. 87 at 36. In other words, Plaintiff claims that one can infer FGC and Wheeler had actual knowledge of fraud because they created confirmation documents required by law. Plaintiff's argument suffers from four fatal shortcomings.

*First*, Plaintiff's argument does not track the actual allegations of the Amended Complaints, which do not allege that no transactions occurred. Specifically, Plaintiff's brief cites paragraph 51 of an Amended Complaint,[1] but that paragraph does not allege that no transaction happened; read with the rest of the Amended Complaint, as it must be, paragraph 51 alleges instead that purchases were not made by the "Refund Claimants" (defined in ¶ 20) because those "fictitious" or "purported" pension plans (¶¶ 4 and 32) were actually "alter egos of Markowitz, Stein and Van Merkensteijn" and used "principally for the benefit" of those Defendants (¶¶ 6 & 32). The allegation is that the pension plans did not really own shares and receive dividends—not that no entity whatsoever did the trades discussed in the cash-equity confirmations.

In other words, the allegation is that the trades were done by people such as "Markowitz, Stein and Van Merkensteijn" and that, "[t]o the extent the Refund Claimants were involved in any purported transaction involving a share purchase or receipt of dividends relating to these securities, any such transactions were shams designed to create the false appearance that the Refund Claimants owned the shares, received dividends, and/or were entitled to a refund." Xiphias ¶ 51. Plaintiff's attempt to revise the allegations of an Amended Complaints in response to a motion dismiss is improper. *Fellows v. CitiMortgage, Inc.*, 710 F. Supp. 2d 385, 407 n.33 (S.D.N.Y. 2010) ("[a] 'party may not amend [a] pleading through statements in briefs'" [quoting *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998)]).

---

[1] Doc. 87 at 36 (citing Xiphias ¶ 51).

*Second*, the Amended Complaints' allegation regarding the cash-equity confirmation does not support the "strong inference" of actual knowledge that Rule 9(b) requires. The most Plaintiff even tries to argue is that its allegations permit a "plausible" "infer[ence] that the securities broker confirming these trades knew the trades did not take place." Doc. 87 at 36. Yet Plaintiff knows that Rule 9(b) requires a **strong** inference, not just a "*plausible*" one. *Compare* Doc. 87 at 36 (arguing only a plausible inference vis-à-vis FGC and Wheeler), *with id.* at 41 (arguing a strong inference vis-à-vis a different Defendant). What is more, "[w]here, as here, the defendant[s] owe[] no independent duty to the [p]laintiff[], 'even alleged ignorance of obvious warning signs of fraud will not suffice to adequately allege actual knowledge.'" *In re Agape Litig.*, 773 F. Supp. 2d at 310 (citation omitted; alteration in original). Here, there were no such signs.

*Third*, the Amended Complaints' allegation regarding the cash-equity confirmation does not allow the inference that FGC and Wheeler knowingly provided substantial assistance. The fact that the cash-equity confirmations are required by law make their creation routine and ministerial.

*Fourth*, and finally, the Amended Complaints do not even allege that FGC and Wheeler knew the pension plans would submit trade confirmations to Plaintiff.

**2.    The Amended Complaints improperly group all Defendants together without making clear who did what when.**

Plaintiff's new arguments in its opposition brief cannot save the Amended Complaints from the error that is undifferentiated mass pleading. Arguments in a brief do not and cannot change what the Amended Complaints actually say.

In the opening brief, FGC and Wheeler provide pin-point citations and quotations showing where Plaintiff asserts allegations against the "Defendants" as an undifferentiated group

4

without saying which Defendant did what or when. For example, they do not allege how much money FGC and Wheeler supposedly were paid, but instead lump all Defendants together in one purported figure. *See* Doc. 75 at 7 (citing, *e.g.*, Xiphias ¶ 8 ("In reliance on the false and misleading refund claims, FPSF Belgium paid ***Defendants*** a total of €52,184,964, or approximately $58,969,009 . . .")). FGC and Wheeler also provide case law showing that mass pleading is insufficient under Rule 9. *Id.* (citing, *inter alia*, *Naughright v. Weiss*, 826 F. Supp. 2d 676, 689–90 (S.D.N.Y. 2011)). Plaintiff provides no countervailing case law to support its group pleading.

### 3.     The Amended Complaints' allegations lack temporal specificity.

Plaintiff argues temporal specificity is not required in cases of ongoing fraud. Doc. 87 at 36. The Amended Complaints, however, allege the fraud is ***not*** ongoing. Plaintiff alleges the supposed fraud ended seven years ago in 2015. *See, e.g.*, *Xiphias* ¶¶ 40, 54. It should have gone without saying that an act alleged to have ***ended*** seven years ago cannot possibly be ongoing. Plaintiff's argument is untethered from what Plaintiff itself alleges and, to the extent Plaintiff is attempting to amend its pleadings through a response to a motion to dismiss, Plaintiff's attempt is improper. *Fellows*, 710 F. Supp. 2d at 407 n.33 (quoting *Wright*, 152 F.3d at 178).

In addition, Plaintiff has not—and cannot—come forward with a single citation to any allegation in any of the Amended Complaints showing when FGC and Wheeler supposedly began providing substantial assistance to the putative fraud or when they stopped. Per the Amended Complaints, FGC and Wheeler could have been providing substantial assistance for a day, a year, three years—or some other undetermined time period ranging between one day and three years. That vast temporal breadth and uncertainty prevents the Amended Complaints from complying with Rule 9(b).

## 4. The underlying facts are not peculiarly within FGC and Wheeler's knowledge and are known to Plaintiff.

Perhaps recognizing the dearth of facts that could satisfy Rule 9(b)'s heightened pleading standard, Plaintiff cites to *United States ex rel. Chorches for Bankruptcy Estate of Fabula v. American Medical Response, Inc.*, 865 F.3d 71, 82 (2d Cir. 2017), for the proposition that where the underlying facts are "peculiarly within the opposing party's knowledge," a plaintiff may plead on information and belief so long as there are "specific facts supporting a strong inference of fraud." Doc. 87 at 26. Plaintiff's reliance on *Fabula* is misplaced.

According to Plaintiff's allegations, ***Plaintiff had the benefit of an investigation spanning no less than five years***—including "liaising with the Belgian Federal Police concerning the investigation on a regular basis" and being "given access to portions of the confidential investigation file." *Xiphias* ¶¶ 55–56. In addition, Plaintiff alleged that the refunds, including the complained of cash-equity confirmations, were submitted ***to Plaintiff***. *Xiphias* ¶¶ 40, 49. Taken together, Plaintiff's own allegations show that the underlying facts are ***not*** "peculiarly" within FGC and Wheeler's knowledge. Despite alleging it has knowledge of the underlying facts,[2] Plaintiff could not and did not come forward with well-pleaded facts that satisfy Rule 9(b) as to FGC and Wheeler.

---

[2] Plaintiff's knowledge also undermines its reliance on *Iowa Public Employee's Retirement System v. Deloitte & Touche LLP*, 919 F. Supp. 2d 321, 332 (S.D.N.Y. 2013). Given that Plaintiff has the benefit of the Belgian Federal Police's five-year investigation, there is no reason to excuse a failure to satisfy Rule 9 before discovery. If Plaintiff could allege the necessary facts, it would already have done so.

**5.      Plaintiff has weakened its allegations since the Original Complaints.**

In the Original Complaints, Plaintiff alleged FGC and Wheeler "had actual knowledge of th[e] fraud." Doc. 1 ¶ 52. Plaintiff backed away from that allegation in the Amended Complaints. In the Amended Complaints, Plaintiff downgraded its allegation and hedged by alleging—"[o]n information and belief"—that FGC and Wheeler had "actual knowledge of the fraud[]." *See, e.g.*, Doc. 48 ¶ 67. In other words, despite alleging it had the benefit of a years' long investigation and despite alleging it was in possession of the refund applications themselves, Plaintiff could not stand by its original allegation. Plaintiff's retreat is telling.

**6.      FGC and Wheeler join, adopt, and incorporate the legal arguments of the Other Defendants in their Motion to Dismiss.**

For the sake of brevity, FGC and Wheeler will not repeat the arguments made in the Pension Plan Defendants' Reply Memorandum. FGC and Wheeler join, adopt, and incorporate those legal arguments regarding the revenue rule, statute of limitations, and futility of amendment set forth in the Other Defendants' Reply In Support of Their Motion to Dismiss, as applicable to FGC and Wheeler, in this memorandum.

## CONCLUSION
**Count 2 should be dismissed with prejudice.**

Even with the benefit of an amendment, Plaintiff has failed to allege specific facts demonstrating a strong inference that FGC and Wheeler had actual knowledge of the underlying fraud. *See Abrukin v. City of N.Y. Fin. Info. Servs. Agency*, No. 17 Civ. 2363 (RA), 2019 WL 691561, at *3 (S.D.N.Y. Jan. 28, 2019) (dismissing claims with prejudice where plaintiff had been granted leave to amend previously and granting further leave appeared "unlikely to be productive"). Because Plaintiff cannot allege enough facts to meet Rule 9(b)'s heightened pleading standard, Plaintiff's claims against FGC and Wheeler cannot stand.

**WHEREFORE**, Defendants FGC Securities LLC and Stephen Wheeler respectfully request that this Court grant their Omnibus Motion to Dismiss, Doc. 75, and enter an order dismissing Count 2 of the Amended Complaints with prejudice against FGC Securities LLC and Stephen Wheeler, and dismissing FGC Securities LLC and Stephen Wheeler as Defendants from the Belgium Actions with prejudice.

Dated: April 18, 2022
         New York, New York

> Respectfully submitted,
>
> CARLTON FIELDS, P.A.
>
> By: /s/ Natalie A. Napierala
> Natalie A. Napierala
> Michael L. Yaeger
> 405 Lexington Avenue, 36th Floor
> New York, New York 10174
> 212.785.2577
> nnapierala@carltonfields.com
> myaeger@carltonfields.com
>
> *Attorneys for FGC Securities, LLC, and Stephen Wheeler*

## CERTIFICATION OF COMPLIANCE

Pursuant to the Individual Practices of Judge Koeltl, Section II.D, undersigned counsel certifies that this motion, excluding the cover page, certification of compliance, table of contents, table of authorities, and signature block, contains 2,226 words, and that this motion complies with the formatting rules.

Respectfully submitted,

CARLTON FIELDS, P.A.

By: /s/ Natalie A. Napierala
Natalie A. Napierala
Michael L. Yaeger
405 Lexington Avenue, 36th Floor
New York, New York 10174
212.785.2577
nnapierala@carltonfields.com
myaeger@carltonfields.com

*Attorneys for FGC Securities, LLC,
and Stephen Wheeler*