**C L I F F O R D**

**C H A N C E**

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
4/21/22

**By ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

April 21, 2022

Re:   *Kingdom of Belgium, Federal Public Service Finance Pension Plan Litigation,*
      Lead Case: No. 21 Civ. 6392 (JGK)
      Member Cases: No. 21 Civ. 6392 (JGK) & No. 21 Civ. 6399 (JGK)

Your Honor:

We represent Plaintiff Kingdom of Belgium, Federal Public Service Finance ("FPSF Belgium") in the above-referenced consolidated action. Pursuant to Section I(E) of Your Honor's Individual Practices and Rule 4(m) of the Federal Rules of Civil Procedure, we write to request an extension of time to serve process on seven defendants in this matter. In particular, Davin Investments Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan Trust, Next Level Pension Plan Trust, Spirit on the Water Pension Plan, Rajan Investments LLC Pension Plan and Raubritter LLC Pension Plan were named as defendants in amended complaints filed on January 21, 2022. Under Rule 4(m), the time to serve these defendants expires on April 21, 2022. For the reasons discussed below, FPSF Belgium requests a 60-day extension of time to serve process on these defendants to June 20, 2022.

Rule 4(m) requires service within 90 days of filing the complaint. However, upon a showing of "good cause," the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court also has discretion to extend the time for service even in "the *absence* of good cause." *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007). Moreover, "the Second Circuit has consistently held that Rule 4 should be construed liberally and that 'incomplete or improper service will lead the court to dismiss the action *unless it appears that proper service may still be obtained.*'" *Williams v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 16 Civ. 2188, 2018 WL 1581684, at *4 (S.D.N.Y. Mar. 27, 2018) (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986).

Here, in submissions to FPSF Belgium, the authorized representative listed for each of the additional defendants at issue is Defendant Adam LaRosa. (*See, e.g.*, Traden Am. Compl. ¶ 45;

**C L I F F O R D**  
**C H A N C E**

CLIFFORD CHANCE US LLP

Xiphias Am. Compl. ¶ 38.)  Mr. LaRosa has declined to accept service on behalf of the seven pension plans listed herein, indicating that he is no longer the authorized representative for these entities.  Nevertheless, because Mr. LaRosa is alleged to be an alter ego of those entities, we have made attempts at personal service on Mr. LaRosa.  *See, e.g., Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) (noting "well-established New York law that service on the alter ego of a corporation constitutes effective service on the corporation" (internal quotation marks omitted)).  Those efforts have so far been unsuccessful.

FPSF Belgium also has explored accomplishing service of process by other methods.  For example, we understand that, in addition to Mr. LaRosa, an individual named Alexander Burns was associated with Defendant Raubritter.  We attempted to make service on Mr. Burns, but have learned from press reports that Mr. Burns is deceased.  (*See* Mark Maremont & Leslie Scism, *Financier Involved in Insurance Fraud Died by Suicide, Coroner's Report Says*, THE WALL STREET JOURNAL, Jan. 24, 2022.)

FPSF Belgium therefore respectfully requests an extension of time to complete service of process to June 20, 2022 for the seven pension plan defendants named herein.  This is the first request for an extension of time to serve process.

Respectfully submitted,

s/ Jeff E. Butler

Jeff E. Butler