**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| IN RE:<br><br>KINGDOM OF BELGIUM,<br>FEDERAL PUBLIC SERVICE FINANCE<br>PENSION PLAN LITIGATION | Lead Case: No. 21 Civ. 6392 (JGK)<br><br>Member Cases:<br>No. 21 Civ. 6392 (JGK)<br>No. 21 Civ. 6399 (JGK)<br>No. 21 Civ. 6402 (JGK)<br>No. 21 Civ. 6404 (JGK)<br>No. 21 Civ. 6405 (JGK)<br>No. 21 Civ. 6407 (JGK)<br>No. 21 Civ. 6408 (JGK) |
|---|---|

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S JULY 5, 2023 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY FURTHER PROCEEDINGS PENDING INTERLOCUTORY APPEAL

Jeff E. Butler
John P. Alexander
Meredith George
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for Plaintiff Kingdom of Belgium, Federal Public Service Finance*

**TABLE OF CONTENTS**

Page

Introduction....1

Relevant Background....1

Argument....3

I. THE COURT SHOULD NOT CERTIFY AN APPEAL BECAUSE THERE ARE NOT SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION....4

II. THE COURT SHOLD NOT STAY PROCEEDINGS PENDING APPEAL....8

Conclusion....10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc.*,
268 F.3d 103 (2d Cir. 2001)........................................................................................ 6

*Balintulo v. Daimler AG*,
727 F.3d 174 (2d Cir. 2013)........................................................................................ 3

*European Community v. RJR Nabisco, Inc.*,
424 F.3d 175 (2d Cir. 2005)........................................................................................ 6

*Glatt v. Fox Searchlight Pictures Inc.*,
No. 11 Civ. 6784, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013)............................................ 9

*Hermes Int'l v. Rothschild*,
590 F. Supp. 3d 647 (S.D.N.Y. 2022)........................................................................... 8

*In re Facebook, Inc. IPO Sec. and Derivative Litig.*,
986 F. Supp. 2d 524 (S.D.N.Y. 2014)........................................................................... 4

*In re Flor*,
79 F.3d 281 (2d Cir. 1996)....................................................................................... 3, 5

*In re S. Afr. Apartheid Litig.*,
624 F. Supp. 2d 336 (S.D.N.Y. 2009)........................................................................ 3, 4

*In re SKAT Tax Refund Scheme Litigation*,
356 F. Supp. 3d 300 (S.D.N.Y. 2019)........................................................................ 5, 6

*In re World Trade Ctr. Disaster Site Litig.*,
503 F.3d 167 (2d Cir. 2007)........................................................................................ 9

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990).......................................................................................... 9

*Koehler v. Bank of Bermuda Ltd.*,
101 F.3d 863 (2d Cir. 1996)........................................................................................ 3

*Republic of Colombia v. Diageo N. Am. Inc.*,
531 F. Supp. 2d 365 (E.D.N.Y. 2007) ........................................................................... 7

*Republic of Colombia v. Diageo N. Am. Inc.*,
619 F. Supp. 2d 7 (E.D.N.Y. 2007) .............................................................................. 7

*Republic of Colombia v. Diageo N. Am. Inc.*,
No. 07-4076 (2d Cir. Jan. 18, 2008) .................................................................................. 7

*Skatteforvaltningen v. Solo Capital Partners LLP*,
[2021] EWHC 974 (Comm) (U.K.) ................................................................................... 5

*Skatteforvaltningen v. Solo Capital Partners LLP*,
[2022] EWCA Civ. 234 (U.K.) ......................................................................................... 5, 6

*Strougo v. Barclays PLC*,
194 F. Supp. 3d 230 (S.D.N.Y. 2016) ................................................................................. 9

*U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*,
No. 06 Civ. 5033 (DC), 2009 WL 4809863 (S.D.N.Y. Dec. 15, 2009) ................................ 4, 5

*Youngers v. Virtus Inv. Partners Inc.*,
228 F. Supp. 3d 295 (S.D.N.Y. 2017) ............................................................................. 3, 4

**Statutes**

28 U.S.C. § 1292(b) ......................................................................................... 3, 4, 8, 9

Plaintiff Kingdom of Belgium, Federal Public Service Finance ("FPSF Belgium") submits this Memorandum of Law in opposition to Defendants' Motion to Certify the Court's July 5, 2023 Order for Interlocutory Appeal and to Stay Further Proceedings Pending Interlocutory Appeal.

## Introduction

Defendants' Motion to Certify should be denied because there are not substantial grounds for difference of opinion on the revenue rule issue decided by the Court. When appeals are taken into account, there appears to be no similar court case—anywhere in the world—where this issue has been determined in Defendants' favor. For example, Judge Kaplan previously reached the same conclusion with respect to the revenue rule in a case involving, for all intents and purposes, the same alleged fraud. In a similar case in England, the English Court of Appeal likewise sided with Judge Kaplan in applying the English-law version of the revenue rule. In the absence of disagreement on this issue, Defendants' request for interlocutory appeal should be denied.

If the Motion to Certify is denied, Defendants' request for a stay of proceedings would be moot. Even if the Court certifies the issue for appeal, the request for a stay should be denied because, for the reasons outlined above, there is no strong showing of likelihood of success on the merits. In any event, any decision on a stay should await a ruling by the Second Circuit on whether an interlocutory appeal will be accepted.

## Relevant Background

As described in the Amended Complaints, Defendants participated in a scheme to make fraudulent tax refund requests to FPSF Belgium. In submissions to FPSF Belgium, Defendants represented that certain entities owned shares in Belgian companies for which they received corporate dividends, net of withheld corporate dividend taxes. These entities sought a refund of those supposedly withheld taxes on the basis that they were legitimate, tax-exempt U.S. pension

plans. These submissions were false and misleading because the requesting entities did not own the shares or receive the dividends, and because they were not legitimate pension plans.

Defendants moved to dismiss on the grounds that the revenue rule bars these claims. The Court denied that motion in an Opinion and Order dated July 5, 2023 (the "Order"). As the Court explained, the revenue rule "bars foreign sovereigns from seeking direct or indirect enforcement of their tax laws in the courts of the United States." (*Id.* at 10-12.) The Court found the revenue rule inapplicable here for several reasons.

*First*, the Court held there is "no danger" that this case will involve the direct enforcement of Belgian tax laws because FPSF does not seek to recover for "lost tax revenue." (*Id.* at 12-14.) Indeed, because "defendants never owned shares of Belgian companies and were never paid any dividends," there is "no lost tax revenue to be recovered." (*Id.* at 13.) Instead:

> FPSF seeks to recover for what amounted to theft from the Belgian tax system. FPSF alleges a simple fraud in which the victim happens to be the Belgian tax authority. But stealing from FPSF does not necessarily make this a case about lost tax revenue, particularly where no taxes were collected from the defendants in the first place.

(*Id.* at 13-14 (internal quotation marks and citations omitted).)

*Second*, the Court held there is also "no concern" that the case will involve the indirect enforcement of Belgian tax law. (*Id.* at 14.) Among other reasons, the case "does not require the calculation of Belgian tax." (*Id.* at 14-15.) The Court noted: "[t]he only relevant amount in this case is the amount of money that the defendants are alleged to have stolen from Belgium." (*Id.*) Moreover, the case would, at most, involve "recognition or application of Belgian law," which differs from "enforcement" and therefore does not implicate the revenue rule. (*Id.* at 18.)

*Third*, the Court rejected Defendants' policy and separation-of-powers arguments:

> [T]his case does not involve the judicial examination and enforcement of foreign tax laws at the behest of foreign nations, because there is no danger of either direct or indirect enforcement of Belgian tax law, and therefore

does not violate the separation of powers.

(*Id.* at 23 (internal quotation marks omitted).)

Defendants now seek leave to file an interlocutory appeal of the Order as it relates to the revenue rule.

**Argument**

Generally speaking, denial of a motion to dismiss is not appealable because it is not a final decision. *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013). However, a district court may certify an order for potential interlocutory appeal when the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

This is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) (noting that the Second Circuit had granted only eight such interlocutory appeals in the two preceding years combined). Indeed, the Second Circuit has "repeatedly cautioned" that "use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal alterations and quotation marks omitted); *see also In re S. Afr. Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009) ("Interlocutory appeal . . . is not intended as a vehicle to provide early review of difficult rulings in hard cases." (internal quotation marks omitted)).

Consistent with this, interlocutory appeal motions are "presumptively disfavored" and, even if the moving party establishes all of the required elements, "the district court retains unfettered discretion to deny certification." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp.

3d 295, 298 (S.D.N.Y. 2017) (internal quotation marks omitted); *see also In re Facebook, Inc. IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014). In exercising its discretion, "[t]he efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *Youngers*, 228 F. Supp. 3d at 302.

## I. THE COURT SHOULD NOT CERTIFY AN APPEAL BECAUSE THERE ARE NOT SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.

Defendants' motion should be denied because they fail to show that there are substantial grounds for difference of opinion regarding application of the revenue rule.[1] To meet this requirement, the party seeking certification must show that there is "genuine doubt as to whether the district court applied the correct legal standard in its order." *In re Facebook*, 986 F. Supp. 2d at 540 (internal quotation marks omitted). "[B]eing merely a 'difficult ruling' is not an adequate reason for interlocutory appeal under § 1292(b)." *Id.* at 543 (citing *In re S. Afr. Apartheid Litig.*, 624 F. Supp. 2d at 339). Rather, a movant must show that (1) there is "conflicting authority on the issue," or (2) the issue is "particularly difficult and one of first impression in the Second Circuit." *U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, No. 06 Civ. 5033 (DC), 2009 WL 4809863, at *1 (S.D.N.Y. Dec. 15, 2009). Notably, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground

[1] FPSF Belgium does not dispute that the revenue rule involves a controlling question of law and that, hypothetically speaking, a ruling in Defendants' favor would materially advance the termination of the litigation. However, these factors are rendered irrelevant by the absence of substantial grounds for difference of opinion.

for difference of opinion." *In re Flor*, 79 F.3d at 284. In addition, "[w]hen cases cited by the moving party are inapposite to the issue implicated by the instant action, of no persuasive authority, or both, no substantial ground for difference of opinion exists." *Colucci*, 2009 WL 4809863, at *1 (internal quotation marks omitted); *see also id.* ("Disagreement among courts outside the circuit, however, does not alone support the certification of an interlocutory appeal.").

Here, the Court correctly applied the revenue rule, for the reasons explained in the Order. This was not a question of first impression. Judge Kaplan reached the same conclusion in *In re SKAT Tax Refund Scheme Litigation*, 356 F. Supp. 3d 300 (S.D.N.Y. 2019). Also, the Court's ruling was consistent with Second Circuit precedent. As the Court observed: "tax evasion is a crucial ingredient in cases barred by the revenue rule in this circuit." (Order, at 14 (quoting *In re SKAT*, 356 F. Supp. 3d at 311); *see also id.* at 22.) Here, however, "FPSF has not alleged that the defendants evaded Belgian taxes, but instead alleges fraud, pure and simple." (*Id.* at 14 (internal quotation marks omitted).) In short, the Order itself provides no basis to conclude that there are substantial grounds for difference of opinion on this issue.

Defendants argue that the Order "directly conflicts" with a decision by a "trial judge in the United Kingdom." (Defs.' Br. 1, 8-10.) Defendants call this a "worldwide circuit split." (*Id.* at 5.) On the contrary, this UK decision illustrates that there are *not* substantial grounds for difference of opinion.

In *Skatteforvaltningen v. Solo Capital Partners LLP*, [2021] EWHC 974 (Comm) (U.K.), an English trial court ruled that similar claims by the Danish tax authority ("SKAT") were barred by the revenue rule. The English Court of Appeal, however, unanimously reversed the trial court on this issue in *Skatteforvaltningen v. Solo Capital Partners LLP*, [2022] EWCA Civ. 234 (U.K.)

(the "English Appeal Decision," which is attached as Exhibit A).[2] The English Appeal Decision is worth examining. Consistent with the Order, the English Appeal Decision concludes:

> [A]lthough SKAT was induced by the fraud to believe that what it was refunding to the Solo etc Applicants was that portion of withholding tax which was not due because of the operation of a DTA, in reality *the "refunds" were not of tax at all, but were abstraction of SKAT's funds in the same way as if the alleged fraud defendants had broken into the safe in SKAT's office and stolen the money. . . .*
>
> In my judgment, this claim against the SKAT defendants is not a claim to unpaid tax or a claim to recover tax at all. It is a claim to recover monies which had been abstracted from SKAT's general funds by fraud. *The alleged fraud defendants' submission that the claim to the refund is still a claim to tax is simply wrong as a matter of analysis and the judge fell into error in accepting that submission.*

(*Id.* ¶¶ 127-128 (emphasis added).)

The English Appeal Decision rests on many of the same U.S. authorities cited in the Order. For example, the decision expressly agrees with Judge Kaplan's reasoning in *In re SKAT*, 356 F. Supp. 3d at 311. (*See* Exh. A, ¶ 134.) The decision also distinguishes *Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103 (2d Cir. 2001) and *European Community v. RJR Nabisco, Inc.*, 424 F.3d 175 (2d Cir. 2005) as "fairly and squarely within the revenue rule because they were claims to recover unpaid tax and the fact that there had been fraud in evading the tax did not take the case outside the revenue rule." (Exh. A, ¶ 134.) The Court's Order applies the same reasoning. (*See* Order, at 19-23.)

---

[2] Defendants note that this decision is on appeal to the Supreme Court of the United Kingdom. However, the existence of an undecided foreign appeal does not imply a difference of opinion on this topic.

Defendants also cite *Republic of Colombia v. Diageo North America Inc.*, 619 F. Supp. 2d 7 (E.D.N.Y. 2007), as an example of a case where a district court certified an interlocutory appeal regarding the revenue rule. (Defs.' Br. 4-6.) However, the Second Circuit declined to accept that appeal despite the district court's certification. *See Republic of Colombia v. Diageo N. Am., Inc.*, No. 07-4076 (2d Cir. Jan. 18, 2008). Defendants brush off the Second Circuit's decision as an "unreasoned denial." (Defs.' Br. 7 n.1.) The fact remains, however, that the Second Circuit did not agree that an interlocutory appeal was warranted in a case involving the revenue rule.

Notably, *Republic of Colombia* involved far more complex revenue rule issues than those present here. The case concerned Colombia's government monopoly on the sale of liquor and an alleged RICO scheme that harmed that interest. Application of the revenue rule in that case required a complex analysis of, among other things, whether and to what extent Colombia was acting in a sovereign or commercial capacity. *See Republic of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365, 391-93 (E.D.N.Y. 2007). By contrast, this case is far more straightforward because FPSF Belgium was harmed in the same way as any victim of theft by fraud.

Finally, Defendants argue that the Order "conflicts" with a U.S. tax treaty with Japan, and therefore "implicates balance of powers considerations and risks usurping the authority of the executive branch." (Defs.' Br. 1-2.) Defendants made this argument in their motions to dismiss, and the Court squarely rejected it:

> The fact that the United States has entered into an unrelated tax treaty with Japan in no way indicates that a lawsuit brought by Belgium should not be considered. Because there is no similar treaty between the United States and Belgium, the Japan Treaty has no bearing on this lawsuit.

(Order, at 26.) Moreover, the Court noted that if there truly were U.S. policy concerns, the United States could have submitted an amicus brief on the issue, but "[n]one has been forthcoming." (*Id.* at 25.)

In sum, Defendants' arguments amount to little more than disagreement with the Court's Order. That is insufficient to show substantial grounds for difference of opinion. As one court recently explained in rejecting a similar motion:

> In his brief, [defendant] cites little to no caselaw that evinces significant disagreement between courts on the correct application of the *Polaroid* factors. All he is able to muster is a list of reasons why he thinks the Court misinterprets *Polaroid* and its progeny. That is not what is required of a moving party by the statute. An interlocutory appeal is not the appropriate vehicle to bring arguments that the '[C]ourt's ruling was wrong' or that a given order is 'inconsistent with Second Circuit precedent,' as the defendant does here. Indeed, disagreements of this sort are the very stuff of an appeal following entry of final judgment, and either party is free to make arguments in this vein at that stage of the proceeding.

*Hermes Int'l v. Rothschild*, 590 F. Supp. 3d 647, 653–54 (S.D.N.Y. 2022) (emphasis in original) (internal citations omitted). Accordingly, Defendants' motion to certify an interlocutory appeal should be denied.

## II. THE COURT SHOLD NOT STAY PROCEEDINGS PENDING APPEAL.

Even if the Court certifies this issue for interlocutory appeal, the Court should not stay proceedings, and certainly not before the Second Circuit actually accepts any such appeal.

Certifying an order for interlocutory appeal does not automatically result in a stay of proceedings. *See* 28 U.S.C. § 1292(b) (noting that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"). In deciding whether to grant a stay, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

> other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (internal quotation marks omitted).

Here, even if Defendants could show substantial grounds for difference of opinion as to the Order, that would fall well short of showing a likelihood of success on appeal. *See Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233-34 (S.D.N.Y. 2016) (holding that certification of an appeal "does not necessarily indicate that the Second Circuit will reverse"). Indeed, the Second Circuit may not even accept a certified appeal. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990) ("Before deciding whether we should exercise our discretion under the statute to accept the appeal, we must first determine whether the district court properly found that the requisites for section 1292(b) certification have been met."). For all the reasons discussed above, there is not a likelihood of success favoring Defendants here.

Defendants also fail to identify any legitimate irreparable harm absent a stay. Defendants assert that discovery is "expensive" and they "do not have unlimited resources." (Defs.' Br. 16-17.) "It is well-established by courts in the Second Circuit, however, that the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury." *Strougo*, 194 F. Supp. 3d at 234; *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) (noting that "it is well established that litigation costs do not rise to the level of irreparable injury" (internal quotation marks omitted)). For this additional reason, Defendants' motion to stay should be denied.

## Conclusion

For the reasons set forth herein, Defendants' Motion to Certify and Motion to Stay should be denied.

Dated: August 10, 2023
New York, New York

Respectfully submitted,

s/ Jeff E. Butler

Jeff E. Butler
John P. Alexander
Meredith George
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for Plaintiff Kingdom of Belgium, Federal Public Service Finance*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word-count limit and formatting rules in Your Honor's Individual Practices. This brief contains 2,979 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Your Honor's Individual Practices.

Dated: August 10, 2023

s/ Jeff E. Butler
Jeff E. Butler