```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────────────

**IN RE: KINGDOM OF BELGIUM FEDERAL**     21-cv-6392 (JGK)
**PUBLIC SERVICE FINANCE PENSION PLAN**
**LITIGATION**                            MEMORANDUM OPINION AND
                                          ORDER

─────────────────────────────────────────────

**JOHN G. KOELTL, District Judge**

This case arises out of a consolidated action brought by the plaintiff, the Kingdom of Belgium, Federal Public Service Finance ("FPSF" or "Belgium"), against the defendants, several purported pension plans (the "Pension Plan Defendants"), and individuals associated with those pension plans, including Richard Markowitz, Matthew Stein, John van Merkensteijn, Alicia Colodner, Stephen Wheeler, Adam LaRosa, Luke McGee, and Jerome L'Hote. The plaintiff, FPSF, complained that the defendants fraudulently induced it to pay tax refunds to the defendants relating to the defendants' alleged falsified ownership of Belgian corporate dividends. The defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, primarily on the ground that the "revenue rule" barred this Court's consideration of the plaintiff's claims because they were simply an effort to collect Belgian taxes.[1]

---

[1] The "revenue rule" bars foreign sovereigns from seeking direct or indirect enforcement of their tax laws in the courts of the

1

In an Order dated July 5, 2023, this Court denied the defendants' motions to dismiss, see In re Kingdom of Belgium, Federal Public Service Pension Plan Litigation, 2023 WL 4345373, ---F. Supp. 3d---(S.D.N.Y 2023)("Belgium"), and the defendants now move for the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The defendants' motion is denied.

I.

The Court may certify an issue for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[2] Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgement." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (collecting cases). "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion." King Cnty.,

---

United States. See, e.g., Att'y Gen. of Can. v. R.J. Reynolds Tobacco Holdings, Inc., 268 F.3d 103, 106, 130-31 (2d Cir. 2001).
[2] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012).

The Court declines to certify this Court's prior Order for interlocutory appeal. An issue may be certified for interlocutory appeal only if the district court concludes that there is a controlling question of law as to which there is a substantial ground for difference of opinion. 28 U.S.C. § 1292(b). This requirement demands more than just the "mere presence of a disputed issue." Flor, 79 F.3d at 284. A substantial ground for difference of opinion exists where "there is conflicting authority on the issue, or the issue is particularly difficult and one of first impression in the Second Circuit." U.S. ex rel. Colucci v. Beth Israel Med. Ctr., No. 06 Civ. 5033, 2009 WL 4809863, at *1 (S.D.N.Y. Dec. 15, 2009). The plaintiff does not dispute that the application of the "revenue rule" is a "controlling question" or that its application to this Court could materially advance the ultimate termination of the litigation. However, the plaintiff denies that the application of the revenue rule is a particularly difficult question or subject to conflicting authority.

## II.

In its Order denying the defendants' motions to dismiss, this Court explained that the revenue rule does not apply to this case. Belgium, 2023 WL 4345373, *5. First, there is no

3

direct enforcement of Belgian tax law because FPSF does not seek to recover any lost tax revenue. FPSF alleges a simple fraud in which the victim happens to be the Belgian tax authority. Accordingly, resolution of FPSF's claim requires no interpretation of Belgian tax law or collection of Belgian taxes. Although the case ostensibly involves a tax refund, the primary issue is whether the amounts paid by FPSF as "tax refunds" were fraudulently obtained by the defendants. This case does not require the calculation of Belgian tax, nor is it an effort by FPSF to recover taxes from the defendants. Id.

Moreover, whether the revenue rule precludes this Court's subject-matter jurisdiction over claims of fraud brought by a foreign tax authority is not a matter of first impression. Judge Kaplan, faced with the same issue in deciding In re SKAT Tax Refund Scheme Litigation, reached the same conclusion: the revenue rule does not apply where the action does not involve enforcement of foreign revenue laws. 356 F. Supp. 3d 300 (S.D.N.Y. 2019). The defendants argue that the "determining factor here is not whether a different judge in the same district has weighed in on a particular issue, but rather whether the Second Circuit itself has had occasion to squarely address it." ECF. No. 127 at 3. But if "the silence of an appellate court" were sufficient to satisfy the requirements of § 1292(b), then interlocutory appeals "would be the norm, not

4

the exception." Garber v. Off. of the Comm'r of Baseball, 120 F. Supp. 3d 334, 338 (S.D.N.Y. 2014). The defendants have pointed to no directly conflicting authority in the Court of Appeals for the Second Circuit or indeed any court of appeals.

The defendants contend that a decision reached by a United Kingdom court conflicts with this Court's decision. See Skatteforvaltningen v. Solo Capital Partners LLP, [2021] EWHC 974 (Comm) (U.K.). This argument fails for several reasons. First, conflicting opinions on the issue "outside the circuit do[] not alone support the certification of an interlocutory appeal." Colucci, 2009 WL 4809863, at *1 (citing Ryan, Beck & Co. v. Fakih, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003)). Second, the United Kingdom decision was reversed by a unanimous panel of the English Court of Appeal, which explained the argument "that the claim to the refund is still a claim to tax is simply wrong as a matter of analysis and the judge fell into error in accepting that submission." Skatteforvaltningen v. Solo Capital Partners LLP, [2022] EWCA Civ 234 [¶ 128], appeal docketed, 2022 UKSC No. 2022-0066. Accordingly, this Court's Order does not conflict with any authority that has previously addressed the issue.

The defendants also point to the certification issued in Republic of Colom. v. Diageo N. Am. Inc., 619 F. Supp. 2d 7 (E.D.N.Y. 2007), arguing that "revenue rule issues are

5

particularly suitable for immediate appeal." ECF No. 127 at 4. However, the Second Circuit Court of Appeals declined to accept the movants' request for interlocutory review finding that "an immediate appeal [was] unwarranted." Republic of Colombia v. Diageo N. Am., Inc., No. 07-4076 (2d Cir. Jan. 18, 2008). The Second Circuit Court of Appeals has "repeatedly cautioned . . . only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgement." Flor, 79 F.3d 281, 284 (2d Cir. 1996). No such circumstances existed in Republic of Colombia, and none exist here.

    The defendants insist that the revenue rule presents "weighty sovereignty and separation-of-powers concerns." ECF No. 134 at 5. In so arguing, the defendants point to a recent tax treaty between the United States and Japan (the "Japan Treaty"), which provides a mechanism for collection assistance relating to fraudulent refund claims. This Court already concluded that the Japan treaty is not relevant to this action. Belgium, 2023 WL 4345373, at *9. The fact that the United States has entered into an unrelated tax treaty with Japan is irrelevant to the plaintiff's claim for relief. Because there is no similar treaty between the United States and Belgium, the Japan Treaty has no bearing on this lawsuit. See id.

6

Finally, the defendants state that they "apprised DOJ Tax of this request for certification and invited their participation as an amicus." ECF No. 134 at 6. If the revenue rule presented such an important separation-of-powers concern, one would have expected the Government to file an amicus brief in this Court in support of the interlocutory appeal, but none has been forthcoming.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the remaining arguments are either moot or without merit. For the reasons explained above, the defendants' motion for the Court to certify its prior Order for interlocutory appeal is **denied**. The defendants' request for a stay pending the interlocutory appeal is **denied as moot**. The Clerk of the Court is respectfully directed to close ECF No. 126.

**SO ORDERED.**

Dated: New York, New York
September 22, 2023

*/s/ John G. Koeltl*
John G. Koeltl
United States District Judge