**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br>KINGDOM OF BELGIUM,<br>FEDERAL PUBLIC SERVICE FINANCE<br>PENSION PLAN LITIGATION | Lead Case: No. 21 Civ. 6392 (JGK)<br><br>Member Cases:<br>No. 21 Civ. 6392 (JGK)<br>No. 21 Civ. 6399 (JGK)<br>No. 21 Civ. 6402 (JGK)<br>No. 21 Civ. 6404 (JGK)<br>No. 21 Civ. 6405 (JGK)<br>No. 21 Civ. 6407 (JGK)<br>No. 21 Civ. 6408 (JGK) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS**

The parties, through their undersigned counsel, stipulate to the entry by the Court of this protective order (the "Protective Order"):

**INTRODUCTION**

1. *Generally.* Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Kingdom of Belgium, Federal Public Service Finance ("FPSF Belgium") and the undersigned Defendants in the above-captioned actions hereby stipulate under Federal Rule of Civil Procedure 26(c) to the entry of the following Protective Order, subject to the Court's approval.

2. *Purpose.* Each party seeks to avoid undue harm by preventing disclosure of sensitive confidential or proprietary information to the public or to other persons. The parties accordingly propose this Protective Order to facilitate the discovery and pretrial preparation processes by avoiding the need for seriatim motions to the Court for protective orders covering specifically identified materials.

3. *Limitation.* The parties acknowledge that the confidentiality provisions of this Order do not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords from disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles and factual circumstances.

4. *Applicability.* The confidentiality provisions of this Protective Order shall apply to depositions, production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information that a disclosing party may designate as Confidential or Highly Confidential information in connection with this action.

## DEFINITIONS

5. *Confidential Information.* "Confidential" information shall mean any information that has not been made generally available to the public and the disclosure of which the designating party or third party reasonably believes would cause material harm or a competitive disadvantage to the designating party's business operations or their personal, business, governmental, or privacy interests, and/or the disclosure of which is restricted by applicable law. Information that is publicly available, including information available to the public pursuant to Article 32 of the Belgian Constitution or other process for obtaining information from FPSF shall not be designated "Confidential."

6. *Highly Confidential Information.* The term and designation "Highly Confidential" information shall mean any document or information that, in addition to satisfying the requirements set forth in Paragraph 5 above, the designating party or third party reasonably believes includes highly confidential business, personal or governmental information, the disclosure of which to another party or third party could cause significant injury to the designating party and/or the disclosure of which is restricted by applicable law.

7. *Scope.* The protections conferred by this Protective Order cover not only Confidential or Highly Confidential information (as defined above), but also (1) any information copied or extracted from such information; (2) all copies, excerpts, summaries, or compilations

of such information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such information. The protections conferred by this Protective Order shall not apply, or shall cease to apply, to information that is or becomes publicly available, other than through a breach of this Protective Order.

8. *Access to and use of Confidential Information.*

    8.1    *Basic Principles.* All documents, testimony, or other materials produced by designating parties in this case and labeled "Confidential" or "Highly Confidential" shall be used only in the above-captioned proceeding (inclusive of each member case). Any receiving party may use Confidential or Highly Confidential information that is disclosed or produced by another party or by a non-party in connection with this case only for the purpose of litigating or attempting to settle this litigation. Confidential or Highly Confidential information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential or Highly Confidential information must be stored and maintained by a receiving party's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    8.2    *Disclosure of Confidential Information.* Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential information only to:

    (a)    individual defendants, or the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    (b)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (c)    experts and consultants (including their staff) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A;

(d) the Court, court personnel, and court reporters and videographers and their staff (whether employed by the Court, or any Party in connection with any deposition); and mediators retained by the parties and their staff;

(e) discovery, copy, translation, or imaging services retained by counsel to assist in the collection, review, production, or duplication of Confidential information, provided that counsel for the party retaining such service instructs the service not to disclose any Confidential information to third parties and that such services agree to, upon request, promptly return all originals and copies of any Confidential information;

(f) during their depositions, witnesses in the action;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3 "Highly Confidential". Use of any information, documents, or portions of documents marked "Highly Confidential," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8.2(b) to 8.2(g).

8.4 *Filing Confidential or Highly Confidential Information.* If portions of documents or other materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to the substance of such materials are filed with the Court, they shall be filed under seal in accordance with the Court's standing order on electronic filing under seal in civil cases dated December 19, 2019, 19-mc-00583-CM, the ECF Rules & Instructions, and Judge Koeltl's Individual Practices. If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential," that party shall reference this Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of

documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

8.5   This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of documents that the producing party created and/or was the intended recipient thereof that has not been marked "Confidential" or "Highly Confidential" by the other party.

9.   DESIGNATING PROTECTED MATERIAL.

9.1   *Exercise of Restraint and Care in Designating Material for Protection.* Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

9.2   *Manner and Timing of Designations.* Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)   *Information in documentary form*: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must, where reasonably possible, affix the word "Confidential" or "Highly Confidential" to each page of a document that contains Confidential or Highly Confidential information. Electronic documents produced in a native format may be designated for confidentiality by affixing the appropriate marking to a slipsheet bearing the production Bates number corresponding to the document in question.

(b)   *Testimony given in deposition or in other pretrial proceedings*: The parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Even if a party does not designate a transcript or

portions thereof as Confidential or Highly Confidential during the deposition, the parties shall treat the transcript as Confidential for a period of thirty (30) days after receiving the final, certified transcript. Any party or non-party may, within thirty (30) days after receiving the final, certified transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) *Other tangible items*: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential" or "Highly Confidential."

9.3 *Inadvertent Failures to Designate*. An inadvertent failure to designate qualified information or items does not waive the designating party's right to secure protection under this Order for such material. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

10. *CHALLENGING CONFIDENTIALITY DESIGNATIONS*

10.1 *Timing of Challenges*. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2 *Meet and Confer*. The parties must attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in

a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone or video conference, which the non-moving party shall not refuse unreasonably.

11. *PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION*

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential" that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c)    provided the designating party responds within fourteen (14) days to notice provided pursuant to paragraph (a), cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential information may be affected.

12. *INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL*

The inadvertent production of information protected by the attorney-client privilege or the work product doctrine is not a waiver in the pending case or in any other federal, state, or arbitration proceeding. After receiving notice of an inadvertent production from the producing party, the receiving party shall promptly return the specified information and any copies in its possession, custody, or control, treat that inadvertent production as if it were privileged, not use the inadvertent production in any public filings, and make no further use of the information or disclose the information.

13. *RETURN OF DOCUMENTS*

The terms, obligations and disclosure limitations contained within this protective order shall survive the termination of this litigation. Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Highly Confidential information to the producing party, including all copies, extracts and summaries thereof. Alternatively, within that same time period, the parties may certify that they have taken reasonable steps to destroy Confidential and Highly Confidential information produced to them, which does not require a party to destroy back-up tapes.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, discovery materials, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential information. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential or Highly Confidential information, or other modifications, subject to order by the Court.

IT IS SO STIPULATED

//

//

//

                                                    s/ Jeff E. Butler
Jeff E. Butler
John P. Alexander
Meredith K. George
Rob Price
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Jeff.butler@cliffordchance.com

*Attorneys for Plaintiff Kingdom of Belgium, Federal Public Service Finance*

-8-

Case 1:21-cv-06392-JGK   Document 195   Filed 02/20/24   Page 9 of 13

– and –

/s/ Alan Schoenfeld
Alan Schoenfeld
Andrew S. Dulberg
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
Andrew.dulberg@wilmerhale.com

*Attorneys for Defendants Batavia Capital Pension Plan, Calypso Investments Pension Plan, Richard Markowitz, RJM Capital Pension Plan, and DFL Investment Pension Plan*


/s/ Sharon L. McCarthy
Sharon L. McCarthy
Nicholas S. Bahnsen
Kostelanetz LLP
7 World Trade Center, 34th Fl.
New York, NY 10007
Tel. (347) 613-0829
smccarthy@kostelanetz.com

*Attorneys for Defendants Azalea Pension Plan, Bernina Pension Plan Trust, John van Merkensteijn, Michelle Investments LLC Pension Plan, Remece Investments LLC Pension Plan, Tarvos Pension Plan, Xiphias LLC Pension Plan, Next Level Pension Plan Trust, and Spirit on the Water Pension Plan*

    s/ Timothy S. Martin
Timothy S. Martin
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Fl.
New York, NY 10118
Tel. (212) 763-0883
tmartin@kaplanhecker.com

*Attorneys for Defendants Alden Investments Pension Plan, AOI Pension Plan, Carrick Holdings Pension Plan, Ganesha Industries Pension Plan, Jerome Lhôte, Matthew Stein, Mazagran Pension Plan, and Pleasant Lake Productions Pension Plan*


    s/ Edward M. Spiro
Edward M. Spiro
Richard D. Weinberg
Morvillo Abramowitz Grand
    Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
Tel. (212) 856-9600
espiro@maglaw.com

*Attorneys for Defendants Alicia Colodner and Delvian LLC Pension Plan*


    s/ Edward M. Spiro
Edward M. Spiro
Richard D. Weinberg
Morvillo Abramowitz Grand
    Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
Tel. (212) 856-9600
espiro@maglaw.com

*Attorneys for Defendants Adam LaRosa, Clove Pension Plan, Mill River Capital Management Pension Plan, and Traden Investments Pension Plan*

      s/ Michelle A. Rice
Michelle A. Rice
Kaplan Rice LLP
142 W. 57th Street, Suite 4A
New York, New York 10019
Telephone: (212) 235-0300
Fax: (212) 235-0301
mrice@kaplanrice.com

*Attorneys for Defendants Rajan Investment LLC Pension Plan and Davin Investments Pension Plan*

      s/ Charles E. Clayman
Charles E. Clayman
Paul S. Hugel
Clayman Rosenberg Kirshner & Linder LLP
305 Madison Avenue, Suite 650
New York, NY 10165
hugel@clayro.com

*Attorneys for Laegeler Asset Management Pension Plan,*

      s/ Robert H. Pees
Robert H. Pees
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel. (212) 872-1000
Fax: (212) 872-1002
rpees@akingump.com

*Attorneys for Defendants 2321 Capital Pension Plan, Bowline Management Pension Plan, and Lion Advisory Inc. Pension Plan*

                                                  s/ Michael Lloyd Yaeger
                                                  Michael Lloyd Yaeger
                                                  Natalie Ann Napierala
                                                  Carlton Fields P.A.
                                                  405 Lexington Avenue
                                                  36th Fl.
                                                  New York, NY 10174-0002
                                                  Tel. (212) 785-2577
                                                  myaeger@carltonfields.com
                                                  napierala@carltonfields.com

                                                  *Attorneys for FGC Securities LLC and*
                                                  *Stephen Wheeler*

This Order is not binding on the Court or Court Personnel. The Court reserves the right to amend it at any time.

**IT IS SO ORDERED.**

DATED: 2/21/24

                                                  Hon. John G. Koeltl
                                                  United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the above Stipulated Protective Order. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.

Date: _____

Printed name: _____

Signature: _____