**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE:

KINGDOM OF BELGIUM,
FEDERAL PUBLIC SERVICE FINANCE
PENSION PLAN LITIGATION

Lead Case: No. 21 Civ. 6392 (JGK)

Member Cases:
    No. 21 Civ. 6399 (JGK)
    No. 21 Civ. 6402 (JGK)
    No. 21 Civ. 6404 (JGK)
    No. 21 Civ. 6405 (JGK)
    No. 21 Civ. 6407 (JGK)
    No. 21 Civ. 6408 (JGK)

---

**MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL**
**ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

PLEASE TAKE NOTICE that the undersigned attorney for Defendants John van

Merkensteijn, Richard Markowitz, Azalea Pension Plan, Bernina Pension Plan Trust, Michelle

Investments LLC Pension Plan, Remece Investments LLC Pension Plan, Tarvos Pension Plan,

Xiphias LLC Pension Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan,

DFL Investments Pension Plan, and RJM Capital Pension Plan, will apply before the Honorable

John G. Koeltl of the Southern District of New York at the Daniel Patrick Moynihan United

States Courthouse, 500 Pearl Street, New York, New York, 10007, at a time and date to be

determined by the Court, for the issuance of Request for International Judicial Assistance

Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil

and Commercial Matters and 28 U.S.C. § 1781(b)(2). In support of this motion, Defendants rely

upon the accompanying Memorandum of Law and Declaration of Sharon L. McCarthy dated

May 19, 2026 and the exhibits attached thereto.

1

Dated: New York, New York
      May 19, 2026

Respectfully submitted,

KOSTELANETZ LLP

By:   /s/ Sharon L. McCarthy
     SHARON L. MCCARTHY
     7 World Trade Center, 34th Floor
     New York, New York 10007
     Tel:    (212) 808-8100
     Fax:    (212) 808-8108
     smccarthy@kostelanetz.com

*Attorney for Defendants John van Merkensteijn, Richard Markowitz, Azalea Pension Plan, Bernina Pension Plan Trust, Michelle Investments LLC Pension Plan, Remece Investments LLC Pension Plan, Tarvos Pension Plan, Xiphias LLC Pension Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, DFL Investments Pension Plan, and RJM Capital Pension Plan*

Application granted.
So ordered.

[signature] U.S.D.J.
5/28/26.

2

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

KINGDOM OF BELGIUM,
FEDERAL PUBLIC SERVICE FINANCE
PENSION PLAN LITIGATION

Lead Case: No. 21 Civ. 6392 (JGK)

Member Cases:
    No. 21 Civ. 6399 (JGK)
    No. 21 Civ. 6402 (JGK)
    No. 21 Civ. 6404 (JGK)
    No. 21 Civ. 6405 (JGK)
    No. 21 Civ. 6407 (JGK)
    No. 21 Civ. 6408 (JGK)

The United States District Court for the Southern District of New York presents its

compliments to the appropriate judicial authority of the Kingdom of Denmark, and requests

international judicial assistance to obtain evidence to be used in a civil proceeding before this

court in the above captioned matter. This request is made pursuant to and in conformity with the

Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial

Matters.

This Court requests the assistance described herein as necessary in the interests of

justice. The assistance requested is for the appropriate judicial authority of Denmark to compel

the below-named individual to provide testimony.

This Court considers that the evidence sought is directly relevant to issues of fact and law

that may influence the final determination of the existence, non-existence, and/or extent of any

liability in this matter. This request is made with the understanding that it will in no way require

any person to commit any offense, or to undergo a broader form of inquiry than they would if the

litigation were conducted in the Kingdom of Denmark. It is expected, based on existing

1

timetables, that the United States District Court for the Southern District of New York may

schedule trial in or around 2027. Potential summary judgment motions would be due before

trial. In the United States, parties may move for summary judgment. A party moving for or

opposing summary judgment must present evidence to support its arguments, as they do at trial.

The following request is made in support of the pending proceedings in New York.

> The particulars of this Hague Evidence Request are as follows:

| | |
|---|---|
| **1. Sender** | The Honorable John G. Koeltl<br>District Judge<br>United States District Court for the Southern District of<br>New York |
| **2. Central Authority of the Requested State** | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 COPENHAGEN K<br>Denmark |
| **3. Person to whom the executed request is to be returned** | Sharon L. McCarthy<br>Kostelanetz, LLP<br>7 World Trade Center, 34th Floor<br>New York, NY 10007<br>Tel.:   (212) 808-8100<br>Fax:   (212) 808-8108<br>Email: smccarthy@kostelanetz.com |

**4. Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | June 30, 2026 |
| **Reason for Urgency, if applicable** | Discovery is underway in this matter and trial may be scheduled to occur in 2027. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **5a. Requesting judicial authority (Article 3,a)** | The Honorable John G. Koeltl<br>District Judge<br>United States District Court for the Southern District of New York |
| **5b. To the competent authority of (Article 3,a)** | The Kingdom of Denmark |
| **5c. Names of the case and any identifying number** | In re Kingdom of Belgium, Federal Public Service Finance Pension Plan Litigation, Lead Case No. 21-cv-6392 (JGK) |

**6.  Names and addresses of the parties and their representatives**

| | |
|---|---|
| **a. Plaintiff** | FPSF<br>Boulevard du Roi Albert II<br>33, bus 555, 1030 Brussels<br>Belgium |
| **Representatives** | Jeff E. Butler<br>John Alexander<br>Clifford Chance US LLP<br>375 9th Avenue<br>New York, New York 10001-1696<br>United States of America |
| **b. Defendants** | John van Merkensteijn<br>Richard Markowitz<br>Xiphias LLC Pension Plan<br>Michelle Investments Pension Plan<br>Bernina Pension Plan Trust<br>Azalea Pension Plan<br>Remece Investments LLC Pension Plan<br>Tarvos Pension Plan<br>Batavia Capital Pension Plan<br>Calypso Investments Pension Plan<br>RJM Capital Pension Plan |
| **Representatives** | Sharon L. McCarthy<br>Nicholas S. Bahnsen<br>Kostelanetz LLP<br>7 World Trade Center<br>250 Greenwich Street, 34th Floor |

3

New York, New York 10007
United States of America

## 7. Nature of the Proceedings

### a. Background

In July 2021, Plaintiff FPSF filed six similar complaints in the United States District Court for the Southern District of New York alleging a fraudulent scheme to obtain baseless refunds of dividend withholding tax. The complaints were amended on January 21, 2022, and now allege approximately €177,839,246 in total damages. The cases have been consolidated for pretrial purposes and are assigned to the Honorable John G. Koeltl.

Defendants are pension plans qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and residents of the United States of America for purposes of U.S. taxation. Defendants applied for and received dividend tax reclaims from Plaintiff FPSF related to Defendants' ownership of shares in Belgian companies. Belgian companies are required to withhold 25% tax on dividends they pay to shareholders. Under certain double taxation treaties between Belgium and other countries, including the United States, this tax is reimbursable to certain non-Belgian shareholders, including pension plans qualified under section 401(a) of the Internal Revenue Code. Defendants, acting through their agents and representatives, applied to FPSFclaiming repayments of tax withheld on dividends that they earned on shares of Belgian companies that they held. FPSF claims that Defendants did not own the shares forming the basis of those tax reclaim applications. FPSF alleges that it paid baseless withholding tax refund claims.

The witness whose testimony is sought pursuant to this Letter of Request is the founder and chief executive of Solo Capital LLP, the prime broker and custodian through which Defendants traded the shares giving rise to the claims in this matter.

4

### b. Summary of Complaints

The allegations in Plaintiff FPSF's complaints in the consolidated actions are substantially similar. FPSF brought complaints against three classes of defendants: "Plan Defendants," the pension plans that FPSF claims received baseless dividend withholding tax refunds; "Authorized Representative Defendants," individuals who signed powers of attorney authorizing Payment Agents to submit dividend withholding tax refund claims to FPSF; and "Incorporator Defendants," defendants who incorporated business entities associated with the Plan Defendants that submitted dividend withholding tax refund claims to FPSF. The conduct at the heart of Plaintiff FPSF's complaints is alleged to have occurred between 2012 and 2014. Plaintiff asserts claims for fraud.

### c. Summary of Defenses

Defendants deny all allegations of wrongdoing made by FPSF. Defendants assert numerous defenses to FPSF's allegations. Defendants maintain that they acted at all times reasonably and with due care, reasonably relied upon the actions and statements of others, and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by FPSF. Defendants assert that they did not engage in any unlawful conduct and are not liable for any unlawful acts that may have been committed by others. Furthermore, Defendants contend that if FPSF suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by FPSF's own negligence, FPSF's assumption of risk, and/or other culpable parties and/or third parties, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable. Finally, Defendants allege that FPSF's claims are barred by the applicable statutes of limitations.

### d. Other Necessary Information or Documents

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Defendants seek testimony from Sanjay Shah. |
| **8b. Purpose of the evidence or other judicial act sought** | The witness's testimony is relevant to establishing one or more of Defendants' defenses in this action. |
| **9. Identity and address of any person to be examined (Article 3,e)** | Sanjay Shah was the founder and chief executive officer of Solo Capital LLP during the time the trades at issue occurred.<br><br>Sanjay Shah is remanded to the custody of the Kingdom of Denmark. In December 2024, he was sentenced to a term of 12 years' imprisonment upon conviction for fraud related to the trades facilitated by Solo Capital.<br><br>A more precise address for Mr. Shah could not be located through the exercise of reasonable diligence. |

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

    a.  **Definitions**

        i.    "Argre" – Argre Management LLC, and any officers, directors, managers, employees, or agents thereof, including John van Merkensteijn, Richard Markowitz, Matthew Stein, Jerome Lhote, and Adam LaRosa.

        ii.    "Argre Pension Plan" – a US pension plan customer of Solo Capital affiliated with one or more individuals comprising Argre.

        iii.    "Solo Capital" – Solo Capital Partners LLP, and any officers, directors, managers, employees, or agents thereof.

        iv.    "Trading Strategy" – the dividend arbitrage strategy pursued by the Argre Pension Plans as customers of Solo Capital, and through which the Argre

Pension Plans purchased shares in listed Danish and Belgian equities before the ex date, financed the purchase via a share lending transaction, hedged the purchases via futures or forward contracts, and later undwound all of the foregoing positions.

v.   "UK Litigation" - *Skatteforvaltningen (The Danish Customs and Tax Administration) v. Solo Capital Partners, LLP*, CL-2018-000297, before the Commercial Court, King's Bench Division of the High Court of Justice of England and Wales.

vi.  "GSS Model" – the process adopted by Solo Capital for executing the Trading Strategy.

**b.  Subject of Testimony**

The subject of Sanjay Shah's testimony will be:

i.   The identities of all Argre personnel with whom Shah communicated at any time in connection with the Trading Strategy;

ii.  Whether Shah affirms the content and accuracy of the testimony provided by Shah in connection with the UK Litigation as it relates to Argre and any Argre Pension Plan;

iii. Whether Shah and Solo Capital explained to Argre that the GSS Model relied upon a loop of offsetting trades that resulted in Solo Capital internally settling all trades such that zero external settlement was required;

iv.     Whether Shah and Solo Capital explained to Argre that external leverage and financing was not required because the loop on which the GSS Model relied did not involve any external movements of shares;

v.      Whether Shah regarded the loop as confidential and proprietary Solo Capital business information;

vi.     Whether Shah withheld from Argre the fact that the GSS Model did not involve any external movement of shares;

vii.    Whether it is normal for a prime broker, such as Solo Capital, to discuss with a client the business of other clients of that prime broker;

viii.   Whether Shah would characterize the extent of the essential features of the GSS Model shared with Argre as "an eighth of the story";

ix.     The contents of the custody account statements prepared by Solo Capital and issued to each of the Argre Pension Plans, including whether such statements reflected the purchase of securities on the terms indicated therein, or the receipt of dividends in connection with the shares shown as having been purchased; and

x.      Whether there is any indication on the face of the custody account statements prepared by Solo Capital of the existence of the trading loop or the lack of any external movement of shares in connection with the settlement of any trade by the Argre Pension Plans.

**11.   Documents or other property to be inspected (Article 3,g)**

Any and all contemporaneous notes, memoranda, testimony, or correspondence in the possession, custody or control of Sanjay Shah related to the Subject of Testimony.

8

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The examination shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of the Kingdom of Denmark. The testimony shall be given under oath. |

**13. Special methods or procedure to be followed (Articles 3,i and 9)**

The United States District Court for the Southern District of New York respectfully requests that:

a. The Parties' United States and Danish lawyers be permitted to attend the oral testimony and ask supplementary questions of the witness;

b. The Parties' United States and Danish lawyers be permitted to examine and cross-examine the witnesses directly;

c. The Parties' United States and Danish lawyers be allowed to participate in the oral testimony of the requested witnesses by video-conference per the enclosed 'Optional Form For Video-Link Evidence,' as practicable and in discussion with the Ministry of Justice regarding technical logistics and that the video-conference be recorded and a copy provided to the Parties;

Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer and a professional stenographer be permitted to attend the oral testimony in order to record the testimony; the costs of the court reporter or of the videographer being at the charge of defendants.

**14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

It is requested that testimony be taken at such place, date or time as ordered by the Ministry of Justice and/or as otherwise scheduled by the representatives of the Defendants and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.

Notice thereof should be made to Defendants' Danish designee:

Kasper Bech Pilgaard
Loeven Advokatpartnerselskab
Frederiksgade 19, DK-1265 København K
Copenhagen, Denmark

9

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

None.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11,b)**

Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice. Waiver of the privilege over some communications, in some circumstances, can be deemed a waiver of privilege over other communications concerning the same subject matter.

Parties also enjoy limited privileges not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

United States law also recognizes a testimonial privilege against criminal self-incrimination. This privilege does not apply to production of documents.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

Defendants

Date of Request:

_____

Signature and Seal of the Requesting Authority

10